IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOREST PENTON, JR., <br> (TDCJ-CID #1929674) <br><br> Petitioner, <br><br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. H-18-2262 |

**MEMORANDUM AND OPINION**

Petitioner, Forest Penton, Jr., seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 185th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 16), and copies of the state court record. Penton has filed his response. (Docket Entry No. 18). The threshhold issue is whether this Court should grant the respondent's motion for summary judgment.

**I.  Background**

A jury found Penton guilty of the felony offense of possession of methamphetamine. (Cause Number 1384434). On May 15, 2014, the court sentenced Penton to thirty-two years imprisonment. The Fourteenth Court of Appeals of Texas affirmed Penton's conviction on March 22, 2016. The Texas Court of Criminal Appeals refused Penton's petition for discretionary review on July 27, 2016. Penton filed an application for state habeas corpus relief on July 13, 2017, which the Texas Court

of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on May 2, 2018. *Ex parte Penton,* Application No. 87,503-02 at cover.

On June 28, 2018, this Court received Penton's federal petition. Penton contends that his conviction is void for the following reasons:

(1)     His Fourth Amendment right was violated because there was insufficient evidence to show that law enforcement had probable cause to stop his nephew's vehicle;

(2)     The police stopped his nephew's vehicle without probable cause and conducted an illegal search and seizure, violating his Fourth Amendment right;

(3)     Trial attorney, Randall J. Ayers, rendered ineffective assistance by failing to fully address, argue, and preserve his claim of an illegal search and seizure; and

(4)     His right to due process was violated during the state habeas proceedings because the habeas court created new factual findings that supplanted those of the trial judge.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II.     The Applicable Legal Standards

This Court reviews Penton's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell,* 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson,* 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy,* 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000). A

state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Penton is proceeding pro se. A pro se habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Penton's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. Statement of Facts

The appellate court summarized the evidence at trial as follows:

> Appellant was a passenger in his nephew's car when Deputy Michael Santos noticed the traffic light turn yellow and the car attempt to speed through the light. The light turned red before the car passed underneath it. Deputy Santos initiated a traffic stop and approached appellant while his partner approached the driver. Deputy Santos testified that as he approached the car, appellant began to squirm around, so he restrained appellant using handcuffs and placed appellant in the back of a patrol car. Deputy Santos recovered two baggies containing a crystal-like substance from the car, and as he was placing the baggies in the patrol car, appellant stated that the "stuff" belonged to him, not to his nephew.

> Appellant was charged by indictment with possession with intent to deliver methamphetamine weighing more than four grams and less than two hundred grams. The indictment included two enhancement paragraphs, each alleging a prior felony conviction. Appellant pleaded, "not guilty," to the charge but pleaded "true" to the enhancement paragraphs. Appellant filed a motion to suppress evidence of his oral statements to police officers. The trial court denied the motion to suppress. The jury convicted appellant of the lesser-included offense of possession of methamphetamine and assessed punishment at thirty-two years' confinement.

*Penton v. State,* No. 14-14-00406-CR, 489 S.W.3d 578 (Tex. App. -- Houston [14th Dist.] 2016, pet. ref'd).

### IV. The Claims Based on a Violation of the Fourth Amendment

### (Grounds 1 & 2)

In his first ground for federal habeas relief, Penton argues that nothing in Texas law indicates that it is a traffic violation if a vehicle enters an intersection while a traffic light is signaling yellow, but fails to clear the intersection before the light turns to red. Since this is not a traffic violation, officers lacked any "probable cause" to pull the vehicle over for a traffic stop. (Docket Entry No. 4, p. 5).

In his second ground, Penton argues that probable cause did not exist to support the warrantless search and seizure of the vehicle in which he was a passenger. (Docket Entry No. 4, pp. 6-8).

The United States Supreme Court has significantly narrowed the scope of federal habeas review of Fourth Amendment claims based on principles of comity and respect for the finality of state court judgments. In *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court stated: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state

prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.,* 428 U.S. at 494. The bar to federal habeas relief set forth in *Stone v. Powell* applies even if the petitioner has failed to avail himself of the state court processes in place to challenge an unlawful search and seizure. *See Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002). The 'opportunity for full and fair litigation' means just that: 'an opportunity.' *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir. 1978). If a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.

Penton had ample opportunity to raise a Fourth Amendment claim during pre-trial proceedings before the state trial court. The trial court conducted a suppression hearing on May 13, 2014. (Reporter's Record, Vol. III, pp. 1-72). The State of Texas provided an opportunity for full and fair litigation of petitioner's Fourth Amendment claim of an illegal arrest both at the trial and habeas review levels. Consequently, even if there were some unspecified evidence resulting from an illegal arrest, this ground alleging a Fourth Amendment violation is barred from federal habeas collateral review by *Stone v. Powell* and is denied.

## V. The Claim of Ineffective Assistance of Trial Counsel
### (Ground 3)

Penton contends that his trial attorney rendered ineffective assistance by failing to properly address, argue, and preserve his claim that the traffic stop was illegal. He contends that there was an almost absolute absence of true advocacy during the suppression hearing. (Docket Entry No. 4, p. 14).

To establish an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that he was actually prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 68 (1984). Whether counsel's performance was deficient is determined by an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "[S]crutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690-91; *see also United States v. Jones*, 287 F.3d 325, 331 (5th Cir.)("Informed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed."), *cert. denied*, 537 U.S. 1018 (2002); *Lockett v. Anderson*, 230 F.3d 695, 714 (5th Cir. 2000) (*Strickland* requires deference to counsel's "informed strategic choices"). "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (internal quotation marks and citation omitted).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Jones*, 287 F.3d at 331. To overcome the deference given to informed strategic decisions, a petitioner must show that his counsel "blundered through trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *Id.*; *see also Moore v. Johnson*, 194 F.3d 586, 615 (5th Cir. 1999) ("*Strickland* does not require deference to those decisions of counsel that, viewed in light

of the facts known at the time of the purported decision, do not serve any conceivable strategic purpose.").

Even if a petitioner establishes that his counsel's performance was deficient, he must also establish that "prejudice caused by the deficiency is such that there is a reasonable probability that the result of the proceedings would have been different." *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997). A petitioner must show that the prejudice made the trial outcome "fundamentally unfair or unreliable." *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364 (1993)).

The state habeas court found that the affidavit of Ayers was credible and that, "23. The totality of representation was sufficient to afford Applicant a reasonably effective assistance of counsel in trial." (Docket Entry No. 17-37, p. 51).

Under AEDPA, this court must give proper deference to the state court's determination that trial counsel rendered effective assistance. *See Ladd v. Cockrell*, 311 F.3d 349, 351 (5th Cir. 2002). Because the state court properly identified *Strickland* as the governing legal principle, the "unreasonable application" prong of section 2254(d)(1) provides the standard that governs this court's review of the state court's decision on Penton's ineffective counsel claims. *Bell v. Cone*, 535 U.S. 685, 694-695 (2002). This Court must determine whether the state court's application of *Strickland* was objectively unreasonable. *Id.*; *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002) (en banc), *cert. denied*, 537 U.S. 1104 (2003). Under section 2254(d)(1), "[w]e have no authority to grant habeas corpus relief simply because we conclude, in our independent judgment, that a state supreme court's application of *Strickland* is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) (quoting *Neal*, 286 F.3d at 236). "The federal-habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court

intervention only when a state court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002).

In his affidavit to the state habeas court, counsel stated:

> My name is Randall J. Ayers. I am an attorney licensed in the State of Texas, and my Bar Card Number is 01465950. The following statement is based upon a review of my case file as well as the reporter's record regarding this matter:
> On April 19, 2013, the 185th District Court of Harris County, Texas, appointed me to represent Mr. Forest Penton, Jr. in Cause No. 1384434 in which he was indicted for the offense of Possession with Intent to Deliver a Controlled Substance. I continued to represent Mr. Penton from April 19, 013, until May 15, 2014, when Mr. Penton was found guilty after a jury trial.
> As Mr. Penton's case was concluded over three and a half years ago, and as I have handled numerous cases and trials since then, I actually have very little present memory of Mr. Penton's case or his trial, and the information contained herein is based on my review of my notes and other documents contained in my case file regarding this matter, as well as my review of the official court reporter's record from Mr. Penton's trial, which reflect the following:
> Mr. Penton was charged with possession with intent to deliver a quantity of methamphetanine that was found inside a car in which Mr. Penton was a passenger. As part of the discovery process, I requested and received a copy of the police incident report, in which the arresting officer indicated that the car was stopped for a traffic violation after the officer observed that it had "failed to stop at the red light at Interstate 10 and Sheldon ...", and that after the methamphetamine was subsequently discovered inside the car, Mr. Penton made an oral statement at the scene to the effect that the methamphetamine belonged to him. I filed a motion to suppress this alleged incriminating oral statement by Mr. Penton, which motion was denied by the trial court after a hearing outside the presence of the jury at which both the arresting officer and Mr. Penton testified. At the suppression hearing, the arresting officer testified that the reason he stopped the car was that "the light turned yellow and the car tried to speed through the light and didn't make it; ran the red light", and that the traffic light was "changing from yellow to red - they didn't make it."
> While I was certainly aware at the time of the suppression hearing that there would be an issue with the validity of a traffic violation if

> the car actually entered the intersection while the light was still yellow, my notes and the record clearly indicate that I did not pursue a more detailed line of questioning with the arresting officer regarding that specific issue, and further did not raise, develop, argue nor preserve that specific issue for appeal. I believe that since my focus was on the suppression of Mr. Penton's alleged incriminating statement from the very beginning of the case, and continued to be so at the hearing, I simply failed to realize that the arresting officer's testimony arguably raised the factual issue of whether or not the traffic light was actually still yellow when the car entered the intersection, thus raising the separate legal issue of the validity of the traffic stop.
>
> In response to the specific questions of the Honorable Court of Criminal Appeals as propounded in their order in this matter, I state that I did not consider arguing that the traffic light was yellow when the vehicle in which Mr. Penton was a passenger entered the intersection, that no traffic violation had actually occurred, nor that the officers therefore lacked reasonable suspicion, and thus probable cause, to conduct the traffic stop.

(Docket Entry No. 17-37, pp. 35-37).

The state habeas court found:

> 7. The Court of Criminal Appeals issued a remand November 8, 2017 to address the issue of whether trial counsel considered arguing the traffic light was yellow when the vehicle entered the intersection, that no traffic violation had occurred and that officers lacked reasonable suspicion for the stop.
>
> 8. On December 12, 2017 the court ordered trial counsel Randall Ayers to file an affidavit addressing the issues on remand.
>
> 9. On December 18, 2017, Randall Ayers filed an affidavit on remand.
>
> 10. The court finds the affidavit of Randall J. Ayers to be credible.
>
> 11. Ayers has very little memory of the case, and bases his affidavit on the information in his case file. *Affidavit of Randall J. Ayers* at 1-2.

12. Ayers was aware the offense report stated the vehicle "failed to stop at the red light at Interstate 10 and Sheldon". *Affidavit of Randall J. Ayers* at 2.

13. Ayers filed his motion to suppress regarding an alleged incriminating oral statement made by Applicant. *Affidavit of Randall J. Ayers* at 2.

14. Ayers was aware of the possibility that an issue with the traffic stop may arise if the car had entered the intersection while the light was still yellow. *Affidavit of Randall J. Ayers* at 3.

15. Ayers['s] focus during the hearing was on the incriminating statement made by Applicant. *Affidavit of Randall J. Ayers* at 3.

16. Ayers['s] focus was not on the potential factual issue raised by Deputy Santos' phrasing. *Affidavit of Randall J. Ayers* at 3.

17. Ayers does not recall his specific thought process and believes that because his focus was on Applicant's statements he did not consider arguing that the traffic light was actually yellow, that no violation occurred, or that officers lacked reasonable suspicion to stop the vehicle. *Affidavit of Randall J. Ayers* at 3.

18. Deputy Santos testified during the suppression hearing that the "light turned yellow and the car tried to speed through the light and didn't make it; ran the red light (III R.R. at 7)." And the light was "changing from yellow to red - they didn't make it". *Affidavit of Randall J. Ayers* at 2-3.

19. Ayers cross-examined deputy Santos during the suppression hearing which included the following exchange:

    Q. As soon as you saw it, it basically rolled a stop light?

    A. It did.

    Q. Went through a red light?

A. Changing from yellow to red. They didn't make it. (III R.R. 23).

20. During trial, Deputy Santos testified: "The car tried to beat a red light -- tried to beat that was turning yellow, didn't beat the light and ran a red light." (IV R.R. 20).

21. The offense report states that the vehicle "failed to stop at the red light." *See State's Writ Exhibit A[,] Offense report HC13-5076.*

22. The court finds that it is apparent based on a reading of the offense report and the reporter's record from both the suppression hearing and trial that the vehicle Applicant was in attempted to accelerate in order to enter the intersection while the light was yellow, but failed to do so, and instead entered the intersection while the light was red, creating probable cause for the traffic stop.

23. The totality of representation was sufficient to afford Applicant a reasonably effective assistance of counsel in trial.

24. Applicant fails to show Ayer's failure to argue there was no traffic code violation was harmful.

25. Applicant fails to show counsel's representation fell below an objective standard of reasonableness in any way and that, but for counsel's alleged deficiencies, there is a reasonable probably[sic] that the result of the proceeding would have been different.

26. Applicant fails to show that his conviction was improperly obtained.

(Docket Entry No. 17-37, pp. 48-51).

The state habeas court concluded:

1. Applicant fails to show a reasonable probability that, but for counsel's omission of an argument, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694 (1984).

2. In reviewing trial counsel's conduct, there is a strong presumption that the attorney's actions were reasonable and based on sound trial strategy. *Jackson v. State,* 877 5.W.2d 768, 771 (Tex. Crim. App. 1994).

3. Reasonably effective assistance does not require error-free counsel, or counsel whose competency is judged by hindsight. *Mercado v. State,* 615 5.W.2d 225, 228 (Tex. Crim. App. 1981).

4. Courts will not "second-guess through hindsight" counsel's strategy, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 5.W.2d 588, 592 (Tex. Crim. App. 1979).

5. In a habeas proceeding, Applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson,* 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

6. In all things, Applicant fails to demonstrate his conviction was improperly obtained or that he is being improperly confined.

(Docket Entry No. 17-37, pp. 51-52).

Second-guessing is not the test for ineffective assistance of counsel. *King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir. 1989). In *Strickland,* 466 U.S. at 691, the Supreme Court explained that:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.

*Id.* at 691.

Counsel's failure to challenge the legality of the traffic stop did not render his representation below that of reasonably effective assistance.

The state habeas court found the facts stated in trial counsel's affidavit to be true and concluded that Penton had received reasonably effective assistance of counsel. The Court of Criminal Appeals expressly based its denial of habeas relief on this finding. These credibility determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). Penton has not produced clear and convincing evidence to rebut this finding.

The state court's decision as to the effective assistance of counsel reasonably applied the law to the facts, consistent with clearly established federal law. Penton has not shown a basis for the relief he seeks. 28 U.S.C. § 2254(d)(1).

## VI. The Claims Based on Errors in the State Habeas Proceedings (Ground 4)

Penton asserts that Judge Wilkerson presided over the trial and the suppression hearing, while Judge Brown presided over the habeas court. Penton asserts that the positioning of the vehicle when the light changed from yellow to red is central to his argument that his conviction is illegal. Penton explains that Judge Wilkerson's findings place the car in the intersection when the light changed from yellow to red. This supports each of Penton's claims. Penton states that Judge Brown, the habeas judge, made a new factual finding regarding the position of the car. Although she was requested to hold an evidentiary hearing, she chose not to address the conflicting issues and issued another set of facts. Penton complains that Judge Brown abused her discretion and violated Penton's right to due process. (Docket Entry No. 4, pp. 15-21).

The infirmities in state habeas proceedings on habeas review that Penton alleges do not constitute grounds for habeas relief in federal court. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.

1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir.), *cert. denied,* 118 S. Ct. 576 (1997); *see Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995)("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999). Penton has not asserted an error in the state habeas proceeding affecting the deference due the state courts' findings in the habeas proceedings. Penton has not shown a basis for granting habeas relief.

**VII. Request for an Evidentiary Hearing**

Penton requests an evidentiary hearing in this case. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

The decision whether to conduct an evidentiary hearing is committed to this Court's discretion. *See Williams v. Taylor,* 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Conner v.*

*Quarterman,* 477 F.3d 287, 293 (5th Cir. 2007)(citing *Roberts v. Dretke,* 381 F.3d 491, 497 (5th Cir. 2004) (citation omitted)); *McDonald v. Johnson,* 139 F.3d 1056, 1060 (5th Cir. 1998).

Where there is a factual dispute that, if resolved in the petitioner's favor, would entitle him to relief, and the state has not afforded the petitioner a full and fair hearing, a federal habeas corpus petitioner is entitled to an evidentiary hearing. *Clark v. Johnson,* 202 F.3d 760, 766 (5th Cir. 2000); *Perillo v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996). However, a petitioner is not entitled to an evidentiary hearing "if his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Young v. Herring,* 938 F.2d 543, 559 (5th Cir. 1991). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases.

This Court has been able to resolve all issues raised in this case based on the pleadings and state-court records. As already discussed, the facts and claims Penton seeks to develop lack merit. Penton has failed to provide a factual basis for granting an evidentiary hearing. This Court determines that an evidentiary hearing is not required because there are no relevant factual disputes that would require development in order to assess the claims. *Robinson v. Johnson,* 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied,* 526 U.S. 1100 (1999). Penton's motion for evidentiary hearing, (Docket Entry No. 19), is DENIED.

**VIII. Conclusion**

Respondent's Motion for Summary Judgment, (Docket Entry No. 16), is GRANTED. Penton's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Penton's motion for an evidentiary hearing, (Docket Entry No. 19), and motion for the appointment of

counsel, (Docket Entry No. 21), are DENIED as moot. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. 484.

This Court denies Penton's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Penton has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on July 26, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE